1659·15

NO. _____

ORIGINAL

## IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

**JOSHUA PENA**

Petitioner

v.

**THE STATE OF TEXAS**

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

Petition in Cause No. A18928-1109 from the
64th Judicial District Court of Hale County, Texas and
Case No. 07-15-00188-CR in the Court of Appeals for the Seventh
Supreme Judicial District of Texas

# PETITION FOR DISCRETIONARY REVIEW

Joshua Pena
1413 W. 15th
Plainview, Texas 79072
(806) 319-3764

## NAME OF ALL PARTIES TO THE
## TRIAL COURT'S FINAL JUDGMENT

Below is a complete list of the identity of the judge and all parties to the trial court's judgment, and all trial and appellate counsel:

1.  Hon. Robert W. Kinkaid
    64th Judicial District Court
    225 Broadway, Suite 5
    Plainview, Texas 79072

2.  Petitioner, Joshua Pena
    1413 W. 15th
    Plainview, Texas 79072

3.  Trial Counsel, Troy Bollinger
    Attorney at Law
    600 Ash Street
    Plainview, Texas 79072

4.  Appellate Counsel
    James B. Johnston
    EASTERWOOD, BOYD & SIMMONS, P.C.
    P.O. Box 273
    Hereford, Texas 79045

5.  Appellee, State of Texas
    Wally Hatch
    Hale County Attorney
    225 Broadway, Suite 1
    Plainview, Texas 79072

TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES AND COUNSEL ........................................... 2
TABLE OF CONTENTS ........................................................................ 3
INDEX OF AUTHORITIES ..................................................................... 4
STATEMENT REGARDING ORAL ARGUMENT ............................................. 6
STATEMENT OF THE CASE ................................................................... 6
STATEMENT OF PROCEDURAL HISTORY ................................................. 6
GROUNDS FOR REVIEW ...................................................................... 8

**Petitioner does not believe there was sufficient evidence to
revoke his community supervision.**

ARGUMENT ...................................................................................... 8
PRAYER FOR RELIEF .......................................................................... 8
CERTIFICATE OF COMPLIANCE ............................................................ 9
CERTIFICATE OF SERVICE ................................................................... 9
APPENDIX ....................................................................................... 9

# INDEX OF AUTHORITIES

## <u>CASES</u>

## <u>STATUTES</u>

NO. _____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**JOSHUA PENA**

Petitioner

v.

**THE STATE OF TEXAS**

Petition in Cause No. A18928-1109 from the
64th Judicial District Court of Hale County, Texas and
Case No. 07-15-00188-CR in the Court of Appeals for the Seventh
Supreme Judicial District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

TO THE HONORABLE JUDGES OF THE COURT OF
CRIMINAL APPEALS OF TEXAS:

JOSHUA PENA petitions the Court to review the judgment affirming the

revocation of his community supervision for the state jail felony offense of debit card

5

abuse, and punishment assessed at fifteen months confinement in the State Jail Division of the Texas Department of Criminal Justice, and the judgment of the Seventh Court of Appeals affirming that conviction.

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not request oral argument.

## STATEMENT OF THE CASE

Petitioner does not feel that there was sufficient evidence to justify the revocation of his community supervision.

## STATEMENT OF PROCEDURAL HISTORY

Petitioner was charged by indictment with the offense of debit card abuse, a state jail felony under Section 32.31 of the Texas Penal Code [CR p. 20]. In the initial plea hearing, Petitioner waived a jury trial [CR pp. 47-50], entered a plea of guilty to the offense charged [RR Vol. 2, p. 7] and signed a stipulation of evidence [CR p. 45-46]. Pursuant to a plea bargain, the trial court found Petitioner guilty and assessed punishment at 15 months State Jail confinement, a $2,000 fine and court costs [RR Vol. 2, p. 18]. The trial Court probated the sentence and placed Petitioner on community supervision for a period of 3 years [RR Vol. 2, pp. 18-19]. The court's Judgment of conviction was signed on February 16, 2012 [CR pp. 59-60]. Since the Court followed the plea bargain, Petitioner had no right to appeal [CR p. 53].

The State filed its initial motion to revoke community supervision on January 23, 2013 [CR pp. 64-67]. The motion was amended on February 15, 2013 [CR pp. 85-88]. Following a hearing on February 18, 2013, at which Petitioner entered a plea of true to the State's allegations [RR Vol. 4, p. 7], the trial court modified and extended Petitioner's community supervision, assessing 80 additional hours of community supervision, ordering a 30-day jail sentence as a condition of probation [CR pp. 92-93], and extending the term of community supervision by one year [RR Vol. 4, pp. 14-15]. The Order Continuing Defendant on Community Supervision was entered in open court on February 18, 2013 [RR Vol. 4, pp. 14] and was signed on February 21, 2013 [CR p. 109-111].

The State filed a second motion to revoke Petitioner's community supervision on February 4, 2014 [CR pp. 112-115]. Following a hearing on April 17, 2015, at which Petitioner entered a plea of true to the State's allegations [RR Vol. 5, p. 7] and signed a stipulation of evidence [CR pp. 142-144], the trial court revoked Petitioner's community supervision and sentenced Petitioner according to the initial judgment, assessing a term of imprisonment in the Texas Department of Criminal Justice – State Jail Division for 15 months, a fine of $2,000 and court costs [RR Vol. 5, pp. 45-46]. The Judgment Revoking Community Supervision was entered in open court on April 17, 2015 and was signed on April 21, 2015 [CR p. 151-152]. Since the Judgment was

7

not the result of a plea bargain, Petitioner had a right to appeal [CR p. 147]. Petitioner timely filed a motion for new trial on May 7, 2015 [CR pp. 168-170], which motion denied [CR p. 178]. Petitioner filed a timely Notice of Appeal on April 28, 2015 [CR p. 158].

The Seventh Court of Appeals affirmed Petitioner's conviction on November 16, 2015. Pena v. State, 2015 Tex. App. LEXIS 11760 (Tex. App. Amarillo November 16, 2015). No petition for rehearing was filed.

## ARGUMENT

Petitioner believes that his community supervision should have been reinstated and continued. I offered to pay all fees and fines up to date at the time of the hearing.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court grant this petition, and upon reviewing the judgment entered by the Seventh Court of Appeals, reverse the judgment of the Court of Appeals with instructions to that court to remand the case to the trial court for a new trial.

Respectfully submitted,

Joshua Pena
1413 W. 15th
Plainview, Texas 79072
(806) 319-3764

## CERTIFICATE OF COMPLIANCE

This is to certify that the number of words in this document according to the word count of the program used to prepare the document is 1105.

Joshua Pena

## Certificate of Service

I hereby certify that a true copy of the foregoing instrument was provided to all counsel of record in this matter on the 11th day of December, 2015, in accordance with the Texas Rules of Appellate Procedure.

State Prosecuting Attorney
P. O. Box 12405
Austin, Texas 78711

Wally Hatch
Hale County District Attorney
225 Broadway, Suite 1
Plainview, Texas 79072

Joshua Pena

# APPENDIX

Opinion of the Seventh Court of Appeals



# In The
## Court of Appeals
### Seventh District of Texas at Amarillo

_____

No. 07-15-00188-CR
_____

JOSHUA PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A18928-1109, Honorable Robert W. Kinkaid, Jr., Presiding

November 16, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Joshua Pena, appellant, was charged with debit card abuse, a state jail felony. After pleading guilty to that offense, he was sentenced to 15 months in a state jail facility and fined $2000. The sentence, however, was suspended, and appellant was placed on community supervision for three years. Subsequently, the State initiated its first attempt to revoke appellant's community supervision; it resulted in the trial court extending the term of appellant's time on community supervision. A second motion to revoke was later filed by the State and served on appellant. In response, appellant pled

true to the allegations therein. Ultimately, the trial court granted this motion, revoked appellant's community supervision, and sentenced him to 15 months in a state jail facility and assessed a $2000 fine. Appellant appealed.

Appellant's counsel has filed a motion to withdraw, together with an *Anders*[1] brief. Through those documents, he certifies to the court that, after diligently searching the record, the appeal is without merit. Accompanying the brief and motion is a copy of a letter sent by counsel to appellant informing the latter of counsel's belief that there is no reversible error and of appellant's right to file a response, *pro se*, to counsel's *Ander's* brief. By letter dated October 5, 2015, this court also notified appellant of his right to file his own brief or response by November 4, 2015, if he wished to do so. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal which included the sufficiency of the evidence to revoke probation, sufficiency of the court's admonishments prior to accepting appellant's guilty plea, procedural issues with the revocation process, and range of punishment issues. However, he then explained why the issues lacked merit.

In addition, we conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). No issues of arguable merit were uncovered, however.

---

[1] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Accordingly, the motion to withdraw is granted and the judgment is affirmed.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.

3